NO. 07-01-0235-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 27, 2001

_____


CAROLYN BELL THOMAS, APPELLANT

V.

BILL NEAL, APPELLEE

_____

FROM THE 46TH DISTRICT COURT OF SHERMAN COUNTY;

NO. 9395; HONORABLE LESLIE THOMAS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.


ON MOTION FOR EXTENSION OF TIME

Appellant Carolyn Bell Thomas has filed, pursuant to Rule of Appellate Procedure 10.5(b), a motion for extension of time to file a response to appellee Bill Neal's motion to dismiss for want of jurisdiction. That motion to dismiss was filed on August 10, 2001, based on appellant's failure to file a timely notice of appeal. In a civil case, an appeal may

be dismissed on any party's motion if it is subject to dismissal for want of jurisdiction. Tex. R. App. P. 42.3(a). Appellant filed no response, and on August 29, 2001, this court granted appellee's motion and dismissed the appeal because we had no jurisdiction to consider it.

Six days later, on September 4, 2001, appellant filed her motion to extend the time to file her response to the motion to dismiss. She asserts that the deadline for filing her response was August 31, 2001, and that an extension until September 7, 2001, will not prejudice appellee and "will allow the Court the opportunity to deal with both the procedural and substantive issues raised by this appeal."

Rule of Appellate Procedure 10.5(b) prescribes what must be contained in a motion to extend time. However, it does not provide a time limit in which that motion must be filed. Unless otherwise specifically prescribed by another rule, a party may file a response to a motion at any time before the court rules on the motion or by any deadline set by the court, and the court may determine a motion before a response is filed. Tex. R. App. P. 10.1(b). Even so, a court should generally not hear or determine a motion until ten days after the filing of the motion. Tex. R. App. P. 10.3(a).[1] This court waited more than ten days before ruling on appellee's motion to dismiss, and appellant did not file her response until after the court had already ruled on the motion. Thus, having dismissed the appeal for want of

---

[1]Parenthetically, we note that we also had authority to dismiss this appeal for want of jurisdiction on our own initiative after giving ten days' notice to all parties. Tex. R. App. P. 42.2(a).

jurisdiction, appellant's motion for extension of time is not timely, and the motion is hereby overruled.

John T. Boyd
Chief Justice

Do not publish.